UNITED STATES v. POST.

(District Court, S. D. Florida. March 5, 1902.)

1. USE OF MAILS TO DEFRAUD—INDICTMENT.

An indictment under section 5480, Rev. St., as amended by Act March 2, 1889, which alleges that the defendant had devised a scheme to defraud by pretending and advertising that she could cure diseases and poverty by mental science, and further alleges that she was intending to induce persons to send her money for treatment, but fraudulently intending to get possession of such money, and fraudulently convert it to her own use, without rendering to the person sending the same any

service or thing of value, is insufficient to charge a crime, unless the power to perform what she pretended she could is denied, and that she did not believe that she could, or that she did not intend to render such service.

2. SAME.

All criminal pleadings require direct, positive, and affirmative allegations of every point necessary to be proven.

3. SAME—FRAUDULENT INTENT.

In this case the dishonest and fraudulent intentions of the defendant would be the question to be passed upon by the jury, and it should be clearly charged and stated.

Upon Demurrer and Motion to Quash the Indictment.

J. N. Stripling, U. S. Dist. Atty.

Bisbee & Bedell, O. T. Greene, and T. A. Ledwich, for defendant.

LOCKE, District Judge. The indictment presented for examination, after striking out surplus words and allegations, alleges, in substance: That one Helen Wilmans Post had devised a scheme to defraud. This scheme was this: She pretended she could cure all diseases and poverty by mental science, and as a part of the scheme she advertised and represented in certain pamphlets and circulars that she possessed the power by that method to effect cures of disease, weakness, and poverty, and would treat persons in their absence, and in such advertisements requested people to open correspondence with her for the purpose of receiving treatment, intending to induce persons to send her money for treatment, but fraudulently intending to get possession of such money, and fraudulently convert it to her own use, without rendering to the person sending the same any service or thing of value therefor: which scheme was to be effected by opening correspondence with divers persons by means of the post office establishment of the United States; and that she, on the 17th day of July, 1901, having devised said scheme to defraud, in and for executing the said scheme by means of the post office department, did unlawfully receive from the post office a certain letter, which had been conveyed by mail.

Following the views of the supreme court in the case of Stokes v. U. S., 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667, it may be safely concluded that an indictment drawn under section 5480 of the Revised Statutes of the United States, as amended by Act March 2, 1889, must allege and charge three particular things: (1) That the defendant must have devised a scheme or artifice to defraud; (2) that he must have intended to effect this scheme by opening, or intending to open, correspondence with other people through the post office establishment of the United States, or by inducing other persons to open correspondence or communication with him by that means; and (3) in carrying out such scheme such person must have deposited a letter, packet, writing, circular, or advertisement in some post office of the United States, to be sent or delivered by said post office establishment, or have taken or received such therefrom.

The language of the indictment upon the second and third points is sufficiently clear, distinct, and positive to support the charge that any scheme devised was intended to be effected by opening correspondence through the post office establishment of the United States, and that a

letter was received and taken from the mails in furtherance of said scheme; but when we come to examine the allegations of the indictment as to the first and most important requirement, "that the person charged must have devised a scheme and artifice to defraud," a more difficult question presents itself. Not only must the indictment allege that the person had devised a scheme and artifice to defraud, but it must set out clearly and distinctly what that artifice was, wherein the fraud consisted, and the facts and circumstances by which it was to be accomplished. U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.

The indictment in the present instance has alleged at great length the power which the defendant pretended to possess, and that she had advertised and represented what she claimed she could do. But nowhere in the indictment is alleged or declared her inability to do and perform all that she is alleged to have pretended, nor does it in any way negative the pretense which she is alleged to have made, or her belief or knowledge as to having that power. The only allegation declaring the scheme to be fraudulent is where the indictment alleges "the said Helen Wilmans Post, in the advertisements aforesaid, requested and solicited people to open correspondence and communication with her for the purpose of procuring and receiving her treatment by the process and method aforesaid, intending thereby to induce persons to open communication and correspondence with her, and send money to her in the name of Helen Wilmans, for the purpose of receiving the treatment by the means aforesaid, but fraudulently intending to get possession of such money as should be sent to her, and to fraudulently convert the same to her own use, without rendering to the person so sending the same any service or thing of value therefor."

The well-established principle of criminal pleading, which requires direct, positive, and affirmative allegations of every point necessary to be proven, is too well established to require extended consideration. Nothing in a criminal case can be charged by implication, intendment, or recital, but every fact necessary to constitute the crime must be directly and affirmatively alleged. In this case, as in all offenses of this character, the intention of the defendant is the very gist and substance of the fraud which must necessarily be embodied in the scheme or artifice as a foundation for the violation of the law. Without such fraudulent intention, it would be impossible to devise a scheme to defraud. The very term necessarily implies a fraudulent intention from the very inception of the scheme, and no indictment that does not negative the good faith and honest belief of the defendant can be sufficient. No matter how fraudulent or criminal any act or series of acts may appear by implication, or how repugnant to enlightened intelligence and morality it may appear by a general statement of a case, no person should be put upon trial upon issues not clearly alleged. In this case the dishonest and fraudulent intentions of the defendant would be the question to be passed upon by the jury, and should be clearly stated. Durland v. U. S., 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709.

The only direct and positive assertion of defendant's acts, made in the indictment in this connection, is that she requested and solicited

people to open correspondence. There is no direct assertion of her intention, further than, by implication, that she was "fraudulently intending to get possession of such money and convert the same to her own use, without rendering to the person sending the same any service or thing of value therefor." The use of the word "fraudulently" is not alone a sufficient allegation of a fraudulent intent. The circumstances and declared intention must show the act to be such.

There was no pretense in the alleged advertisement or correspondence that the money received was not to be converted to the use of the defendant; therefore such conversion would not of itself be fraudulent. It was to be sent for that purpose, and other conditions must determine the integrity of such act. It was in the contemplation of the solicitation, as set forth in the scheme, that the money should be sent to the defendant for subsequent treatment to be given by her; therefore the conversion to her use without giving the treatment, or, in the language of the allegations of the indictment, "rendering any service or thing of value therefor," would not necessarily be a fraudulent practice, as it is not alleged that defendant did not intend to render any such treatment as she is alleged to have pretended she would at any time. Durland v. U. S., supra. The limitation of value, as alleged in the indictment, in which nothing of any value was to be given, attaches to the service rendered as well as to the thing, and declares no measure by which the absence of value is to be determined. The defendant could not be found guilty if a service which had been promised, and which the jury might consider of no value, was rendered, unless it should be found that the defendant also knew and believed it to be of no value. Yet there is no allegation that no service was to be rendered, or that any service which might be rendered was not believed by her to be of value.

In view of these well-established principles, the allegations of the indictment are deemed insufficient to affirmatively declare an intention to defraud, and it is therefore considered that it does not sufficiently either negative the honesty of the pretenses of the defendant, or the intention to perform what was promised, and the motion to quash must be granted, and the demurrer sustained.