UNITED STATES v. ETHEREDGE.

(Circuit Court, N. D. Alabama, N. D. August 23, 1905.)

No. 6,815.

POST OFFICE—USE OF MAILS TO DEFRAUD—INDICTMENT.

Act March 2, 1889, 25 Stat. 873, c. 393 [U. S. Comp. St. 1901, p. 3696], by the first section amends Rev. St. § 5480, relating to the use of the mails for the purpose of carrying out a scheme or artifice to defraud, etc. Section 2 [U. S. Comp. St. 1901, p. 3698] provides that "any person who, in and for conducting, promoting, or carrying on, in any manner by means of the post office establishment of the United States, any scheme or device mentioned in the preceding section, * * * shall use or assume * * * any fictitious, false, or assumed title, name, or address, * * * or name other than his own * * * proper name, shall, upon conviction, be punishable as provided in the first section of the act." Held, that an indictment under said section 2 must set out facts constituting a scheme or device to defraud as fully as required under section 1.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, §§ 71, 72.

Use of mails for frauds and counterfeiting, see note to Timmons v. United States, 30 C. C. A. 86.]

On Demurrer to Indictment.

Omitting the formal parts, the indictment charges that:

"John B. Etheredge, in unlawfully conducting, promoting, and carrying on by means of the post office establishment of the United States a scheme and artifice to defraud one T. W. Woodham and divers other persons to the grand jurors unknown, which said scheme and artifice was in substance and to the effect as follows, to wit: That the said John B. Etheredge did open correspondence, and intend to open correspondence and communication, and did send and convey by means of the post office establishment of the United States, and thereby place and cause to be placed a certain letter, to be sent and delivered by the said post office establishment of the United States, addressed to the postmaster at Art, Alabama, and requesting him to post the same, and which is in words and figures as follows, to wit:

" 'Money to Loan.

" 'I will loan you $100 or $1,000 at 3% interest and no more. Say if you wanted $100.00 you give your plain note for this amount and no more. Easy installments. For further information write

" ' J. B. Etheredge,
" 'Town Creek, Ala.

" 'Please Post.'

—and that acting upon said notice the said T. W. Woodham did apply for a loan of the sum of two hundred dollars, and for that purpose did sign a certain printed blank application sent to him by said John B. Etheredge, and then did direct same and convey the same by the mails of the said United States to the said John B. Etheredge; that the said T. W. Woodham received no loan of any sum whatsoever from the said John B. Etheredge, nor from the Continental Finance Company, (Limited), of Chicago, Illinois, to whom the said application was made by the terms thereof, nor from any other person whatsoever, but that the said John B. Etheredge, intending thereby to obtain the note and money of the said T. W. Woodham, and divers other persons to the said grand jurors unknown, and appropriate the same to his own use without payment for the same, and to effect the object of said unlawful scheme and artifice to defraud the said T. W. Woodham, and at the place aforesaid and within the jurisdiction aforesaid, on, to wit, the 6th day of April, 1905, addressed a letter to the said T. W. Woodham, Art, Alabama, and did deliver the same to the post office of the United States at said Town Creek, Alabama, to be conveyed by the post office establishment of the United States, which said letter is in words and figures as follows, to wit:

" 'Town Creek, Ala., Apr. 6.

" 'Mr. T. W. Woodham, Art, Ala.—Dear Sir: Your note for $200 and interest is due and unpaid. Please pay this off, as I have paid cash for it. If I do not hear from you by return mail I will bring suit against you. Now for you to save expense you had better pay this.

" 'Very truly, Mrs. C. Etheredge.'

—and by which in pursuance of the said scheme and artifice to defraud the said Woodham the said John B. Etheredge did in the name of Mrs. C. Etheredge, which said name he thereby assumed, demand payment of the sum of two hundred dollars and interest as due on the note of the said T. W. Woodham, purporting to be given by him for said loan, feloniously intending and endeavoring thereby to fraudulently obtain the said two hundred dollars from the said Woodham, and fraudulently appropriate the same to his own use, and, in executing such scheme and artifice to defraud and attempting so to do, did place and cause to be placed the aforesaid letter in the post office of the United States, to be sent and delivered by the said post office establishment of the United States to the said T. W. Woodham at Art, Alabama, and so did assume by the address to said T. W. Woodham in the letter aforesaid, and in furtherance of said scheme and artifice to defraud, the fictitious and assumed name of Mrs. C. Etheredge, which said name was other than his own proper name, and did place and cause to be placed the aforesaid letter in the post office of the United States at Town Creek, Alabama, to be sent and delivered by the said post office establishment of the United States to the said T. W. Woodham at Art, Alabama, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The defendant demurs to the indictment, assigning·seven different grounds of demurrer, the first of which only is considered. It is as follows:

"Said indictment seeks to charge the defendant with a violation of the act of Congress approved March 2, 1889, which makes it criminal to use or attempt to use or assume a fictitious title or name in conducting and promoting any scheme or device mentioned in section 5480 of the Revised Statutes of the United States, and the said indictment does not show in what the scheme or device consisted."

N. L. Steele and W. H. Standifer, Asst. U. S. Dist. Attys.
S. S. Pleasants, for defendant.

SHELBY, Circuit Judge (after stating the facts). The indictment is based on section 5480 of the Revised Statutes of the United States, as amended by the act of March 2, 1889 (25 Stat. 873, c. 393 [U. S. Comp. St. 1901, p. 3696]). So far as it is applicable to the case, the statute is as follows:

"If any person, having devised or intended to devise any scheme or artifice to defraud, * * * to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside the United States, by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place or cause to be placed any letter * * * ·in any post office * * * of the United States, to be sent or delivered by the said post office establishment, * * * such person so misusing the post office establishment shall, upon conviction, be punishable by a fine of not more than $500, and by imprisonment for not more than 18 months, or by both," etc.

"Sec. 2. That ,any person who, in and for conducting, promoting, or carrying on, in any manner, by means of the post office establishment of the United States, any scheme or device mentioned in the preceding section, or any other unlawful business whatsoever, shall use or assume or request to be addressed by any fictitious, false, or assumed title, name or address, or name other than his own proper name, or shall take or receive from any post office of the United States any letter, postal card, or packet addressed to any such fictitious, false, or assumed title, name, or address, or name other than his own lawful and proper name, shall, upon conviction, be punishable as provided in the first section of this act."

In describing the "scheme or artifice," or the "scheme or device," mentioned in the statute, it is not sufficient to follow the language of the statute. The indictment must go further and state such facts as are essential to constitute the scheme or artifice, and to acquaint the defendant with what he is to meet on the trial. It was said in the United States v. Hess, 124 U. S. 483, 487, 8 Sup. Ct. 571, 31 L. Ed. 516, that it is an elementary principle of criminal pleading that, where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition. But it must state the species. It must descend to particulars. The facts must be stated, so that the court may determine whether or not, if true, they constitute an offense. There are cases, of course, where it is sufficient to follow the words of the statute in the indictment, cases where the statute itself "fully, directly, and expressly, without any uncertainty or ambiguity, sets forth all the

elements necessary to constitute the offense intended to be punished." Evans v. United States, 153 U. S. 584, 587, 14 Sup. Ct. 934, 38 L. Ed. 830. The words "scheme or artifice" constitute no such description, and therefore the pleader must go further and state the facts, in order that the defendant may have notice of the facts intended to be proved against him, and after trial be enabled to plead the result as a former acquittal or conviction. The indictment contains, as matter of fact, no distinct statement of what the scheme consisted. It is true that it is alleged that the scheme was to the "effect, as follows, to wit." Then comes a, statement which follows the statute in part, and proceeds to state, not the scheme, but what the defendant and others did. Here are the words:

"That the said John B. Etheredge did open correspondence and intend to open correspondence and communication and did send and convey by means of the post office establishment of the United States, and thereby place and caused to be placed a certain letter, to be sent and delivered by the said post office establishment of the United States, addressed, to the postmaster at Art, Alabama, and requesting him to post the same, and which is in words and figures as follows, to wit:

" 'Money to Loan.

" 'I will loan you $100 or $1,000 at 3% interest and no more. Say if you wanted $100.00 you give your plain note for this amount and no more. Easy installments. For further information write

" 'J. B. Etheredge,
" 'Town Creek, Ala.

" 'Please Post.'

—and that acting upon said notice the said T. W. Woodham did apply for a loan of the sum of two hundred dollars, and for that purpose did sign a certain printed blank application sent to him by said John B. Etheredge, and then did direct same and convey the same by the mails of the said United States to the said John B. Etheredge; that the said T. W. Woodham received no loan of any sum whatsoever from the said John B. Etheredge, nor from the Continental Finance Company, (Limited), of Chicago, Illinois, to whom the said application was made by the terms thereof, nor from any other person whatsoever, but that the said John B. Etheredge, intending thereby to obtain the note and money of the said T. W. Woodham, and divers other persons to the said grand jurors unknown, and appropriate the same to his own use without payment for the same."

It was argued that the indictment showed a scheme whereby the defendant intended to represent, and did represent, that he had money to lend, and would lend it at 3 per cent. interest without security, when in fact he had not the money, and did not intend to lend it, but intended to obtain the notes of those who would deal with him, and negotiate or pretend to negotiate them, and demand and obtain in the name of a pretended assignee the amount of the notes, thereby defrauding those who dealt with him. It might be supposed that such was the scheme, reasoning from what followed, as stated in the description of the acts of the defendant and his correspondent. But no such facts are alleged as constituting the scheme. It does not even appear that the defendant did not have the money and intend to loan it at 3 per cent. on a plain note. It is alleged that the defendant's correspondent did not get any money of the defendant, or of any one, and that the defendant intended "to obtain the note and money of the said T. W. Woodham and divers other persons, to the grand jurors

unknown, and to appropriate the same to his own use without payment of the same." There is nothing to indicate that the defendant was by the scheme to become indebted to any one, by any note or written contract to be made, but, on the contrary, he was to receive a note for money he was to lend. It is difficult, therefore, to understand what is meant by the words, "without payment of the same." If the circular or letter headed "Money to Loan" can be said to constitute part of the averment of the scheme (it seems to have been written pursuant to a scheme not stated), the indictment would still be defective in not alleging that the defendant did not intend to lend the money as indicated by the circular. Milby v. United States, 109 Fed. 638, 48 C. C. A. 574; United States v. Post (D. C.) 113 Fed. 852; Post v. United States, 135 Fed. 1, 67 C. C. A. 569.

The second section of the act of March 2, 1889, quoted above, provides that:

"Any person who, in and for conducting, promoting, or carrying on, in any manner, by means of the post office establishment of the United States, any scheme or device mentioned in the preceding section, or any other unlawful business whatsoever, shall use or assume, or request to be addressed by any * * * other than his own proper name, * * * shall, upon conviction, be punishable as prescribed in the first section of this act."

It is charged in the latter part of this indictment that the defendant used the name of "Mrs. C. Etheredge," in violation of this part of the statute. Such use of the name of another is only a violation of the statute when it is used in promoting or carrying on any scheme or device mentioned in the first section. It follows that, to make that part of the indictment effective, the scheme should be described as required by the rule stated by the Supreme Court in the construction of the first section of the act. United States v. Hess, supra.

The demurrer must be sustained.