## NAVE–McCORD MERCANTILE CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   September 19, 1910.)

No. 3,296.

*(Syllabus by the Court.)*

1. FOOD (§ 20\*)—PLEADING—PURE FOOD AND DRUGS ACT—MISBRANDING.

> Averments that a fluid was labeled "Flavor of Lemon and Citral—A Pure Flavor," and that it did not contain an appreciable quantity of lemon oil which was an essential ingredient of a pure lemon flavor, do not state facts sufficient to show a misbranding under Pure Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), because they fail to show that the fluid was labeled a pure flavor of lemon, or that lemon oil was an essential element of a pure flavor of lemon and citral.

> [Ed. Note.—For other cases, see Food, Dec. Dig. § 20.\*]

2. INDICTMENT AND INFORMATION (§ 77\*)—FOOD (§ 20\*)—PURE FOOD LAW—IN- NUENDO MAY NOT CHANGE ORDINARY MEANING OF TERMS.

> An innuendo may not change, add to, or enlarge the sense of expres- sions beyond their usual meaning. It may serve as an explanation, but not as a substitute.

> An averment that the defendant intended that the label "Flavor of Lemon and Citral—A Pure Flavor" should be understood by the public and purchasers to mean a pure flavor or extract of lemon is futile, be- cause the accepted and usual signification of the label is that the article is not a pure flavor or extract of lemon, but that it is a flavor of lemon and citral.

> An averment that one who branded an article with a label whose ac- cepted and usual signification correctly describes it intended that the pub- lic or purchasers should understand that the label had an opposite and unusual significance fails to disclose any misbranding.

> [Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 77;\* Food, Dec. Dig. § 20.\*]

In Error to the District Court of the United States for the West- ern District of Missouri.

The Nave-McCord Mercantile Company was convicted of a viola- tion of the pure food law, and brings error.   Reversed and remanded.

Vinton Pike, for plaintiff in error.

A. S. Van Valkenburgh, for the United States.

Before SANBORN and ADAMS, Circuit Judges, and REED, Dis- trict Judge.

SANBORN, Circuit Judge.   The Nave-McCord Mercantile Com- pany, a manufacturing corporation, challenges its conviction of a vio- lation of Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), for the prevention of the manufacture, sale, or transportation of adulterated, or misbranded, or poisonous, or delete- rious foods, drugs, medicines, and liquors, and assigns as error that the court below overruled its demurrer to the information under which it was convicted.   That information consisted of three counts.   The first count charged that the company misbranded a fluid it made and sold by labeling it "Flavor of Lemon and Citral—A Pure Flavor,"

when in fact this fluid "did not then and there contain any measurable and appreciable quantity of lemon oil, which said lemon oil in measurable and appreciable quantity is a necessary and essential ingredient of a pure lemon flavor." But the fluid was not marked or labeled a pure lemon flavor, and the count contained no averment that lemon oil in measurable quantities was an essential ingredient of a pure flavor of lemon and citral, and hence it charged no offense.

The second count charged a misbranding of the same fluid, which the pleading declared "was a fluid substance purporting and represented to be lemon and citral flavor," in that the company labeled it "A Pure Flavor," "which said marking and labeling," the information avers, "was intended to convey to the purchasing public the meaning that said article of food was a pure flavor or extract derived from the lemon fruit, containing, among other things, the oil of lemon and citral derived from such fruit, when it truth and in fact said article of food contained no pure lemon flavor, in that it contained no measurable amount of lemon oil, and did contain an added substance not derived from the lemon fruit, to wit, citral, and when in truth and in fact pure fruit flavors are derived either from the fruit directly or by the solution of the essential oil of the fruit through the medium of alcohol." But the fluid according to this count was represented to be a lemon and citral flavor, and was branded a pure flavor. The plain and incontrovertible meaning of such a brand was, not that the fluid was a pure flavor of lemon, but that it was a pure flavor of lemon and citral; and the averment that the company intended that the purchasing public should interpret the label to mean that which it clearly did not indicate, and which the information does not aver that any purchaser ever understood it to mean, could not constitute a misbranding. In reality this charge is that the fluid contained no pure lemon flavor, but contained an added substance not derived from the lemon fruit, to wit, citral, and that it was branded a pure flavor of lemon and citral. This was a true and not a false branding. If the company had branded the fluid a pure flavor of lemon, it might have violated the law, because it also had the flavor of citral; and if the pleader had averred that the oil of lemon in appreciable quantities was an essential ingredient of a pure flavor of lemon and citral, and that this fluid contained none of it, the count might have stated an offense. But no such averment was made, and the second count failed to state facts sufficient to constitute a violation of the law.

The third count of the information charged that the company adulterated and misbranded this fluid, which purported and was represented to be lemon and citral flavor, by marking and labeling it "Flavor of Lemon and Citral—A Pure Flavor," by which statements the count declares the company "designed and intended the public to understand and believe that said food product was a pure flavor and extract of lemon," when these marks and labels "were false and misleading in this: That said article, so manufactured, prepared, and shipped, * * * was an imitation of the true lemon flavor, commonly called 'lemon extract,' so commonly used and employed in the preparation of food products, and of far less value, strength, and ef-

·ficacy than said true lemon flavor." But an innuendo may not change, add to, or enlarge the sense of expressions beyond their usual acceptation and meaning. It may serve as an explanation, but not as a substitute. Wharton's Criminal Pleading & Practice (9th Ed.) § 181a, and cases there cited. The usual acceptation and meaning of the label "Flavor of Lemon and Citral—A Pure Flavor" distinctly negatives the idea that it describes a pure flavor and extract of lemon, and the expression "a pure flavor and extract of lemon" cannot be substituted by pleading or proof for that which the defendant actually used, and then the defendant be convicted upon the substituted label, which it never conceived. Nor may an averment that a defendant intended that a label should be understood by the public to mean the opposite of its ordinary and accepted interpretation make its use a misbranding or constitute a violation of the law. The truth is that, when the averments of this count are read and construed together, they clearly disclose the facts that the fluid made and sold by the defendant was not a pure lemon extract, or a pure lemon flavor, or any imitation thereof; that the defendant never placed any label or mark upon it which indicated that it was, or which could mislead a purchaser, but that by its declaration through the label that it was a flavor of lemon and citral it clearly notified all purchasers that the fluid was neither a pure lemon extract nor a pure lemon flavor. There is no averment of any facts which disclose any adulteration of this flavor of lemon and citral, and the averment fails to state sufficient facts to constitute a violation of the law. United States v. Hess, 124 U. S. 483, 486, 487, 8 Sup. Ct. 571, 31 L. Ed. 516; United States v. Post (D. C.) 113 Fed. 852.

The demurrer to the information should have been sustained; and, as this conclusion disposes of the case, it is unnecessary to consider other alleged errors, and the judgment below is reversed, and the case is remanded to the District Court, with instructions to discharge the ·defendant below.