## HEALEY v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. November 4, 1921.)

### No. 2698.

Criminal law ☞980(1)—Intoxicating liquors ☞210—Information held to charge transportation; sentence held not authorized under information.

An information charging that defendant did "unlawfully transport in a Buick automobile certain intoxicating liquor" charges the offense specifically described in National Prohibition Act Oct. 28, 1919, tit. 2, § 3, for which the punishment prescribed by section 29 is a fine of not more than $500 for a first offense, and on a plea of guilty defendant cannot

lawfully be sentenced to imprisonment for maintaining a common nuisance by keeping liquor in a vehicle in violation of section 21.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Criminal prosecution by the United States against Thomas Healey. From the judgment defendant brings error. Reversed.

Andrew Hourigan, of Wilkes-Barre, Pa., and F. A. Witmer and J. P. Carpenter, both of Sunbury, Pa., for plaintiff in error.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. Healey pleaded guilty to an information charging that at a specified time he did "unlawfully transport, in a Buick automobile, certain intoxicating liquor," in violation of "Title 2 of the act of Congress of October 28, 1919," commonly known as the Volstead Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305). The trial court being of the opinion that the defendant thereby stood convicted of "maintaining, for the time being, a common nuisance," in violation of section 21 of the act, imposed a sentence of both fine and imprisonment in conformity with that section, which provides that—

"Any * * * vehicle * * * where intoxicating liquor is * * * kept * * * in violation of this title * * * is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned for not more than one year, or both."

Thereupon the defendant, denying the legality of the sentence, sued out this writ of error. He relies upon sections 3 and 29 of title 2 of the act. Those sections, so far as here pertinent, are:

"Sec. 3. No person shall * * * transport * * * intoxicating liquor except as authorized in this act. * * * *" (No special penalty is prescribed for this offense.)

"Sec. 29. * * * Any person * * * who * * * violates any of the provisions of this title, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500."

As the defendant pleaded guilty only to the offense of which he stood charged by the information and as he could be legally sentenced only for the offense of which he stood convicted by his plea, the sole question involved, as we see it, is: With what offense does the defendant stand charged by the information? That instrument expressly alleges that the defendant did "unlawfully transport * * * intoxicating liquor," the offense proscribed by section 3 of the act. The further allegation that the transporting was done "in a Buick automobile" merely specified the particular transportation with which the defendant was charged or the manner of its commission and did not, we think, convert the offense charged from that of transporting under section 3 into one that the defendant "kept," in violation of the act, intoxicating liquor in a "vehicle" and thereby maintained "a common nuisance" contrary to the provisions of section 21. The information uses the language of section 3, but does not in any particular use the language

of section 21. To be construed as stating an offense under the latter section the information would have to be aided by intendment. This may not be done. United States v. Post (D. C.) 113 Fed. 852, 854; United States v. Cruikshank, 92 U. S. 542, 557, 558, 23 L. Ed. 588; 14 R. C. L. 173. The information did not apprise the defendant that he stood charged under section 21. We think the defendant's position is well taken. Furthermore, the government did not appear at the argument in this court and does not now attempt to support its contention adopted by the court below.

Not being called upon in this case to do so, we do not express any opinion as to whether proof that a person in violation of the act transported intoxicating liquor in a vehicle from place to place will support an information or indictment for maintaining a common nuisance under section 21 of the act.

As the penalty prescribed for the offense with which the defendant is charged and to which he has pleaded guilty does not include imprisonment, the judgment below is reversed.