## McELVOGUE v. UNITED STATES.
### No. 8787.

Circuit Court of Appeals, Eighth Circuit.
April 16, 1930.

890

William K. Amick, of St. Joseph, Mo., for appellant.

William L. Vandeventer, U. S. Atty., of Kansas City, Mo. (Chet A. Keyes, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

STONE, Circuit Judge.

This is an appeal from a conviction for violation of the National Prohibition Act.

The indictment was upon four counts each charging a sale of intoxicating liquor at the same place upon different dates. Upon a withdrawal of a plea of not guilty and the entry of a plea of guilty to the first count, the government dismissed the three other counts and appellant was sentenced to one year and one month in the penitentiary. The first count charged that defendant and one other, on May 27, 1929, at 1825 Frederick avenue, St. Joseph, Mo., sold four ounces and one-half pint of whisky containing more than ½ per cent. of alcohol by volume intended and fit for beverage purposes.

■ The indictment is attacked for the first time upon appeal. One attack is that it fails to state to whom the sale was made. Such a statement is not at all essential. It is merely one of a number of marks identifying the transaction aimed at in the indictment. If sufficient other elements are present in the indictment to afford such identification, the indictment is sufficient. Obviously, to name the time and place and amount of liquor sold is sufficient.

■ The other objection to the indictment and the remainder of the argument has to do with the so-called Jones Law (Act March 2, 1929, 45 Stat. 1446 [27 USCA §§ 91, 92]). It is claimed that the indictment is insufficient because it fails to state whether the accused is charged with "casual" or "slight" on the one hand, or "habitual sales" or attempts to commercialize violations of the law on the other hand, the argument being that the Jones Law makes this gradation of offenses and that the defendant is entitled to have the indictment classify him within the act. We

think that the Jones Law is not subject to such construction. The reasons for and the purposes of that law are well known. Those who were habitual violators of the law and were commercializing the illegal traffic were not at all deterred by the relatively insignificant penalties of the Volstead Act. It was to reach such offenders that the Jones Law was passed. Congress well understood that the trial judge would have to largely determine the classification of the offender, and the act left it open and in the discretion of the court to do this, merely indicating, as a guide to the courts, the intention of Congress in enacting this statute. Ross v. United States, 37 F.(2d) 557, 558 (C. C. A. 4). We think it entirely unnecessary of statement in the indictment or of specific proof at the trial as to the character of the offender within the proviso of the Jones Act.

■ It is claimed that the Jones Act is invalid because it is a delegation of legislative powers to the court. This point is not well taken. Ross v. United States, 37 F.(2d) 557 (C. C. A. 4).

■ It is also claimed that the law is so indefinite, ambiguous, and uncertain that it is invalid and cannot be enforced. It is argued that the expressions therefrom, above quoted, have no legal meaning recognized in law courts nor commonly accepted, and that they should have been given a legal definition in order for the act to have a definite meaning. It is true that the terms used are general, but their meaning is clear. Like all general terms, there may be a range within which different persons might not agree as to whether a particular transaction should be classified under one term or another, but this is a situation often found in life and in the law, which cannot be avoided and which has never been regarded as fatal to a statute. Innumerable statutes govern fraud, negligence, reasonable rates, etc. All such terms are general and no more specific than those used in the Jones Act. We think this argument is without merit.

■ Another attack is upon the opening clause of the act, which is "that wherever a penalty or penalties are prescribed in a criminal prosecution by the National Prohibition Act. * * *" It is said that there is no such thing as a penalty or penalties prescribed in a criminal prosecution. The purpose of this expression in the act is clear. The National Prohibition Act prescribed certain punishments or penalties consisting of fines and/or imprisonment. It also provided for penalties in connection with forfeitures

and nuisances. The meaning of the above quotation was to confine the Jones Act to those penalties which had to do with criminal prosecutions instead of such as were attached to forfeitures, nuisances, etc.

It is argued that Congress did not intend to change any of the existing penalties for criminal prosecution in the National Prohibition Act but to add thereto a greater penalty for certain classes of particular aggravation. The terms of the Jones Act prevent any such view. That act repealed the maximum penalty in connection with the illegal manufacture, sale, transportation, importation, or exportation of intoxicating liquor, and substituted those of the Jones Act. In this connection it is argued that the sale of four ounces and one-half pint of whisky cannot be more than a slight violation such as was intended and expressed in the proviso as "casual or slight violations." The sale of that much whisky might be a casual violation or it might be a slight violation if that were all the accused had ever done, but if it is merely one of a hundred such sales, then it is certainly one of many "habitual sales" by one who is commercializing violations of the law. The mere fact that it was the first time that the accused had been apprehended has no bearing upon the situation.

It is argued that the punishment is unwarranted. The situation in this case would seem to answer that contention. It is clear from this record that the defendant preferred to plead guilty to one of four sales made at the same place at different times, rather than stand trial upon all of the sales and risk punishment upon all of them, and that this was satisfactory to the government. While the conviction is for one sale of a small quantity, it is rather evident that this was one sale in a more or less established business of the sort, and the defendant was probably wise in risking punishment on only one count.

The judgment should be, and is, affirmed.

Circuit Court of Appeals, Eighth Circuit.

April 16, 1930.

William K. Amick, of St. Joseph, Mo., for appellant.

William L. Vandeventer, U. S. Atty., of Kansas City, Mo. (Chet A. Keyes, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.