## MACEO v. UNITED STATES.
### No. 5978.

Circuit Court of Appeals, Fifth Circuit.
Feb. 12, 1931.

Sadie A. Bevilacqua, D. D. McDonald, and W. E. Price, all of Galveston, Tex., for appellant.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex.

Before FOSTER and WALKER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

Appellant was convicted with seven others for various offenses in violation of the National Prohibition Act. The indictment contained nine counts, and appellant was convicted on the seventh count only. Others named in that count were acquitted. Error is assigned to the overruling of a demurrer.

Omitting the names of his codefendants, the count in question charged; "That, heretofore, to-wit: on or about the 13th day of June, A. D. 1929, in the county of Galveston, within the Galveston Division of the Southern District of Texas, one Vincent Maceo did knowingly, wilfully and contrary to law sell intoxicating liquor fit and intended for beverage purposes, without first having obtained a permit from the Commissioner of Internal Revenue to sell liquor, they then and there knowing that said sale was unlawful and prohibited. * * * " This was demurred to on the grounds that the date on which the liquor was sold, the kind of intoxicating liquor sold, and the name of the person to whom it was sold, are not stated with particularity.

We recently held a practically similar indictment to be good. Karger v. U. S. (C. C. A.) 46 F. (2d) 302, decided January 15, 1931. The question may now be considered settled in practically every circuit. If appellant did not know the details of the transaction not shown by the indictment, he was entitled to a bill of particulars. No doubt that would have been granted by the District Court, but it was not asked for. It was not error to overrule the demurrer.

Appellant complains that the verdict of the jury in finding him guilty on the seventh count of the indictment, while acquitting him on all the other counts, one of which charged the unlawful possession of intoxicating liquor, is inconsistent. That is a matter that should address itself to the discretion of the District Court in awarding a new trial. The verdict on the seventh count is clear and unambiguous, and its inconsistency with the verdict on other counts is not a question that could be reviewed on appeal.

The proof in support of the verdict tended to show that appellant had made a sale of one pint of whisky. It is contended that, under the provisions of the Act of March 2, 1929, known as the Jones Act (27 U SCA §§ 91, 92), the court erred in imposing a sentence of a year and a day in the penitentiary, as his offense was casual or slight. Under the Act of January 15, 1931 (27 US CA § 91), amending the Act of March 2, 1929, considering that the record does not show a previous conviction or that appellant is an habitual violator, the maximum penalty would have been a fine not to exceed $500 or imprisonment without hard labor not to exceed six months or both. However, the amendatory act does not contain a provision applying it to previously committed offenses, and therefore, under the provisions of Rev. St. § 13 (1 USCA § 29), it has no application to pending cases. The proviso in the first section of the Act of March 2, 1929, relied upon by appellant, is merely directory, and the imposition of sentence under that act was within the sound discretion of the court.

The record presents no reversible error.

Affirmed.