### FOSTER v. UNITED STATES.

#### No. 4369.

Circuit Court of Appeals, Seventh Circuit.

Feb. 14, 1931.

John E. Dougherty and I. R. Wasson, both of Peoria, Ill., for appellant.

Walter M. Provine, U. S. Atty., and Marks Alexander, both of Springfield, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The only question which this appeal presents is as to the validity of the Act of Congress of March 2, 1929, commonly known as the Jones Act (27 USCA §§ 91, 92). The contention is that the proviso of the act deprives defendants of the right of trial by jury, because the grade of offenses as therein specified is to be determined by the court and not by a jury. The act, after specifying for certain violations of the National Prohibition Law a maximum penalty of five years' imprisonment or $10,000 fine, or both, continues: "Provided, That it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law." Section 1 (27 USCA § 91).

It may be said in general that every part of the act must be given effect where it is possible so to do, and that a proviso should, in general, be construed as a limitation or qualification upon the otherwise general application of a statute. Whether in a given case the proviso does in fact limit or qualify, and, if so, to what extent, depends primarily on the proviso itself.

In this case the proviso is an expression of legislative intent that in applying the act judges fixing penalties within the prescribed limit "should discriminate between casual or slight violations" and violations of a graver nature. From the wording of the proviso it seems plain that the function of the District Court in imposing penalties under the prohibition law was in no wise changed or restricted from what it was before the Jones Act was passed, and that the proviso did not assume to qualify or limit that judicial discretion which District Courts always possessed respecting the imposition of penalties upon convictions for criminal offenses.

The judge who, having power and discretion to fix the penalty within the prescribed statutory limits, would not in all circumstances discriminate between casual or slight violations and those which are more serious, would be unworthy of his high office. The only rational purpose in prescribing maxi-

mum and minimum penalties is to enable just such discrimination to be made, and, so far as human judgment can effect it, to fit the punishment to the particular offense. The precise purpose of the proviso is not readily understandable except as a legislative admonition to the courts, in applying the prescribed penalties, to be just, and to proportion them to the degree of the offending. Similar conclusion was reached in Ross v. United States, 37 F.(2d) 557 (4 C. C. A.); Gurera v. United States, 40 F.(2d) 338 (8 C. C. A.); and McElvogue v. United States, 40 F.(2d) 889 (8 C. C. A.). Judge FitzHenry, before whom this case was tried, decided the same question in United States v. Kent (D. C.) 36 F.(2d) 401, in an opinion which clearly demonstrates the fallacy of appellant's contention.

The recent act (January 15, 1931 [27 USCA § 91]) amending this proviso by fixing lesser maximum penalties for minor offenses would persuasively suggest that thereby Congress intended to substitute definite maximum penalties for the merely advisory or recommendatory phrasing of the original proviso.

The judgment is affirmed.