## DOERNING v. UNITED STATES.
### No. 5755.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1931.

J. T. Murphy, of Covington, Ky. (Blakely & Murphy, of Covington, Ky., on the brief), for appellant.

Sawyer A. Smith, of Covington, Ky., for the United States.

Before HICKS and HICKENLOOPER, Circuit Judges, and NEVIN, District Judge.

HICKS, Circuit Judge.

Appellant Doerning was convicted of selling and of the second offense of possessing intoxicating liquor in violation of sections 3 and 29, title 2, of the National Prohibition Act (title 27, §§ 12 and 46, U. S. C. [27 USCA §§ 12 and 46]). There was a general verdict of guilty upon which appellant was sentenced. Appellant commenced the service of the sentence, and it was not until several months thereafter that a motion in arrest of judgment was filed in his behalf.

The assignments of error can raise no question upon the sufficiency of the evidence. There was no motion for a directed verdict.

In response to the question "Do you know this to be the same John Doerning who was convicted in case 5475?" Harton, a witness for the government, replied, "It is." This was assigned as error, but the objection is without merit. Being charged with the second offense of possessing liquor, the evidence was admissible to identify Doerning as the party who had theretofore been convicted of the first offense.

The introduction of the court records to establish the fact of the first conviction for possessing is assigned as error. This is not only without merit, but cannot be considered. There was no objection upon the trial to the introduction of the record.

The only attack upon the indictment in the court below was by a motion in arrest of judgment upon the broad ground that the facts stated therein did not constitute an offense. This motion in arrest, filed July 12, 1930, was too late. See Gausepohl v. U. S. (C. C. A.) 49 F.(2d) 43, this day decided. The judgment was entered April 17, 1930. But, passing over the matter of procedure, we think the indictment, similar to the Gausepohl indictment, was valid upon the ground set forth in the Gausepohl opinion.

In an exhaustive brief appellant for the first time attacks the constitutionality of the Jones Act (Act Mar. 2, 1929, c. 473, 45 Stat. 1446 [27 USCA §§ 91, 92]) under which appellant was sentenced. The argument (assuming that it is timely) is that the proviso therein delegates to the trial court legislative power in violation of article 1, § 1, of the Constitution. The answer is that the proviso delegates no such power.

"The proviso is only a guide to the discretion of the court in imposing the increased sentences for those offenses for which an increased penalty is authorized by the act. See Ross v. U. S. (C. C. A.) 37 F.(2d) 557, certiorari denied 281 U. S. 767, 50 S. Ct. 466, 74 L. Ed. 1175; McElvogue v. U. S. (C. C. A.) 40 F.(2d) 889, certiorari denied 282 U. S. 845, 51 S. Ct. 24, 75 L. Ed. ——, Oct. 13, 1930." Husty v. U. S., 51 S. Ct. 240, 242, 75 L. Ed. ——, decided by the Supreme Court Feb. 24, 1931.

Other than by this attack upon the constitutionality of the Jones Act the propriety of the sentence is not seriously controverted.

Affirmed.