## PACE v. ADERHOLD, Warden.
### No. 535.

District Court, N. D. Georgia, Atlanta Division. Dec. 17, 1932.

B. P. Gambrell, of Atlanta, Ga., for petitioner.

Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner, on April 18, 1932, pleaded guilty to an indictment of two counts, charging him with having, on January 11, 1932, unlawfully possessed and sold "intoxicating liquor, to-wit: whiskey," without setting forth any particular amount of whiskey so possessed and sold.

He was, on the same day, sentenced to be confined in the United States Penitentiary at Atlanta, Ga., "for a period of one year and one day from the date of his delivery," and was received at the penitentiary and began the service of the above sentence on April 24, 1932.

On November 17, 1932, petitioner filed an application for a writ of habeas corpus, praying for his discharge from respondent's custody on the ground that the sentence was void, because in excess of what could be lawfully imposed under the amendment of January 15, 1931, to the National Prohibition Act (27 USCA § 91).

The pertinent parts of the amendment are as follows:

"That any person who violates the provisions of this title, in any of the following ways: (1) by a sale of not more than one gallon of liquor as that word is defined by section 4 of this title: Provided, however, That the defendant has not theretofore within two years been convicted of a violation of this title or is not engaged in habitual violation of the same; * * * shall for each offense be subject to a fine of not to exceed $500 or to be confined in jail, without hard labor, not to exceed six months, or both."

Omitting the caption, the indictment was in the following language: .

"The Grand Jurors of the United States, impaneled, sworn and charged at the Term aforesaid of the Court aforesaid, on their oath present, that on or about the 11th day of January, 1932, in the County of Washington, in the Western Division of said District, and within the jurisdiction of said Court, William Pace did knowingly, wilfully, and unlawfully possess intoxicating liquor, to-wit Whiskey fit for use and intended for use for beverage purposes, said act being then and there prohibited and unlawful; and being further in violation of and otherwise than as authorized or permitted by the National Prohibition Act, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

"Count two. And the grand jurors aforesaid, on their oath aforesaid, do further present, that the said William Pace on the 11th day of January, 1932 in the County of Washington in the Western Division of said District, and within the jurisdiction of said Court, did knowingly, wilfully and unlawfully sell intoxicating liquor, to-wit whiskey fit for use and intended for use for beverage purposes, said act being then and there prohibited and unlawful; and being further in violation of and otherwise than as authorized or permitted by the National Prohibition Act, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

While the indictment is in two counts, the first alleging the unlawful possession and the second the unlawful selling of the whiskey, the first count is not material, since the penalty for unlawful possession is a fine only, and could not support a penitentiary sentence; so that, no fine having been imposed, the sentence, if valid at all, must be supported by the second count.

The question presented is, then, whether an indictment for the sale of whiskey, brought under the Prohibition Act as amended January 15, 1931, for an offense committed after January 15, 1931, which fails to allege that the amount of intoxicating liquor involved is more than one gallon, will support a sentence greater than the maximum authorized by said amendment, and directing imprisonment in a penitentiary.

Under the Jones Law (45 Stat. 1446), prior to its amendment, the quantity of the liquor sold was immaterial, and the same sentence, up to a maximum of five years in the

penitentiary, could be imposed whether the amount involved was one or one hundred gallons. There was a provision which informed the courts that it was "the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law."

This proviso, however, was "only a guide to the discretion of the court in imposing the increased sentences for those offenses for which an increased penalty is authorized by the act," Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 242, 75 L. Ed. 629, 74 A. L. R. 1407, and "merely directory," Maceo v. United States (C. C. A. 5th) 46 F.(2d) 788, 789. Apparently sentences under the Jones Law, despite the expressed intent of Congress, oftentimes were so severe for minor offenses, or by Congress thought to be, that this wide discretion left to judges was restricted by the amendment of January 15, 1931, which undertook to classify as casual or slight violations all transactions involving one gallon of intoxicating liquor or less, provided the defendant had not, within two years, been convicted of violating the National Prohibition Act (27 USCA) and was not a habitual violator, and fixed the maximum term of imprisonment at six months in jail, which of course could not be served in a penitentiary.

The Circuit Court of Appeals for the Seventh Circuit, in the case of Foster v. United States, 47 F.(2d) 892, 893, say: "The recent act (January 15, 1931 [27 USCA § 91]) amending this proviso by fixing lesser maximum penalties for minor offenses would persuasively suggest that thereby Congress intended to substitute definite maximum penalties for the merely advisory or recommendatory phrasing of the original proviso."

■ This amendment carved out certain offenses from the Jones Law and made them misdemeanors, leaving the others punishable as felonies. There could not be included in the latter class any case which falls in the misdemeanor class, and any sentences imposed in the last-mentioned class which exceed the maximum penalty provided by the amendment, or provide for the service of such sentences in a penitentiary, would be void as beyond the jurisdiction of the court and subject to be set aside on a habeas corpus proceeding.

■ This being true, the indictment must allege, as essential elements of the offense, the fact that more than one gallon of liquor is in-

volved or that defendant has been convicted within two years of violation of the act or was engaged in habitual violation of same. United States v. Noel (D. C.) 51 F.(2d) 139. If such allegation is not made, the indictment will be held to allege the lesser offense only, and any sentence providing for imprisonment in a penitentiary or in a jail beyond the maximum term provided by the amendment would be void. In re John Bonner, 151 U. S. 243, 14 S. Ct. 323, 38 L. Ed. 149; In re Mills, 135 U. S. 263, 10 S. Ct. 762, 34 L. Ed. 107.

■ In such cases habeas corpus is the proper remedy. Collins v. Morgan (C. C. A. 8th) 243 F. 495; Ex parte Hans Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; White v. Levine (C. C. A.) 40 F.(2d) 502; Manning v. Biddle (C. C. A.) 14 F.(2d) 518; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872.

The defendant has a right to be informed by the indictment as to whether he is charged with a misdemeanor, with a maximum imprisonment of six months in jail, or a felony, with a maximum imprisonment of five years in a penitentiary.

■ "The proof by which a charge is sought to be sustained does not constitute the crime. It is the charge made in the information or indictment that determines the character of the crime and not the evidence by which the crime is proved." Sturez v. United States (C. C. A. 3d) 57 F.(2d) 90, 91. See, also, Healey v. United States (C. C. A.) 276 F. 711.

■ A plea of guilty is a plea only to the offense legally charged in the indictment, and, where the indictment may be sufficiently specific, in the absence of a demand for bill of particulars, to support a sentence for a lesser offense, but not for a greater offense described in the statute, the indictment must be held to charge only the lesser offense.

■ "It is necessary that the allegations bring the accused clearly within the intent of the statute prescribing the additional punishment. In this respect the charge must be definite and certain. So, if such is a statutory element, it must appear that the offense was committed after a prior conviction, and where the statute provides that the additional punishment shall be imposed where defendant has before been sentenced, it is necessary to allege the sentence, but not merely that the accused has been convicted. * * * A prior conviction should be alleged directly and not by recital." 31 C. J. 735.

264

It appearing in this case that the maximum penalty which could have been legally imposed upon petitioner is a fine of $500 on the first count and imprisonment in jail for six months or a fine of $500, or both, on the second count, and it appearing that petitioner has already served in the penitentiary more than the maximum time that could have been legally imposed, even if six months' imprisonment and two fines of $500 each had been imposed and thirty days' service for nonpayment of each fine had been required, the writ is sustained, and petitioner ordered discharged from the custody of respondent. An order in conformity with this opinion has been passed.